UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/1/2019

JUDITH V. WELLINGTON a/k/a JUDITH V.
KUBRAKOVA,

               Plaintiff,

      -against-

MACHAEL SPENCER-EDWARDS; JUDITH
BROWN; and THE NEW YORK CITY
DEPARTMENT OF EDUCATION,

               Defendants.

16 Civ. 6238 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiff, Judith Wellington, brings this action against Defendants, Machael Spencer-Edwards, Judith Brown, and the New York City Department of Education (the "DOE"). In her amended complaint dated April 20, 2017, Plaintiff brought a number of claims arising out of her termination as a paraprofessional at a public school in Brooklyn, New York. Compl., ECF No. 41-1. On September 28, 2017, the Court granted in part and denied in part Defendants' motion to dismiss the complaint. ECF No. 62. Following that decision and Plaintiff's subsequent withdrawal of certain claims,[1] only the following claims remain: (1) race discrimination pursuant to 42 U.S.C. § 1983 against Spencer-Edwards and the DOE;[2] (2) disparate treatment and hostile work environment based on race and national origin discrimination pursuant to the New York City Human Rights Law ("NYCHRL") against Spencer-Edwards and the DOE; and (3) a *Monell* claim for municipal liability against the DOE.

Defendants move for summary judgment with respect to the remaining claims. ECF No. 110. For the reasons stated below, Defendants' motion is GRANTED.

---

[1] In a letter dated November 8, 2018, Plaintiff withdrew her claims for age discrimination and all of her claims against Defendant Brown. ECF No. 108 at 2 nn. 4–5. In her opposition brief, Plaintiff withdraws her claim pursuant to New York Labor Law § 740. Pl. Opp. at 1 n.1, ECF No. 118.

[2] Plaintiff also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981. However, § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

**BACKGROUND**

Unless otherwise noted, the following facts are undisputed. Plaintiff was employed by the DOE as a paraprofessional at P.S. 202 in Brooklyn, New York from 2002 until 2015. Def. 56.1 ¶¶ 1–2, ECF No. 119. During the 2014–2015 school year, Plaintiff worked in a classroom with students who have special needs. *Id.* ¶¶ 3–4. On February 5, 2015, Spencer-Edwards, the school principal, fired Plaintiff. *Id.* ¶ 37; *see also* ECF No. 112-2. The reason Spencer-Edwards gave for Plaintiff's termination was that Spencer-Edwards conducted an investigation and concluded that Plaintiff had corporally punished certain students, although Plaintiff argues that she did not corporally punish any student and, as discussed further below, that this reason was pretextual and that Spencer-Edwards was actually motivated by discriminatory animus. Def. 56.1 ¶ 37. Plaintiff identifies as black and Hispanic, and was born in Panama. Compl. ¶ 1. Spencer-Edwards is black and of Jamaican descent. *Id.* ¶ 2.

**DISCUSSION**

I.     Legal Standard

On a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *id.* at (c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The non-movant cannot avoid summary judgment "through mere speculation or conjecture" or "by vaguely asserting the existence of some unspecified disputed material facts." *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990)

(internal quotation marks and citations omitted). Where the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can "point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. *See Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

II.     Analysis

     A.  Section 1983 Claim for Discrimination on the Basis of Race

Plaintiff's § 1983 claim for race discrimination is subject to the three-step burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 465 (S.D.N.Y. 2002). First, Plaintiff must make out a prima facie case of discrimination. "To state a prima facie case of race discrimination, a plaintiff must proffer evidence that (1) [s]he belongs to a protected group; (2) [s]he was qualified for [her] position; (3) [her] employer took an adverse action against [her]; and (4) the adverse action occurred in circumstances giving rise to an inference of race discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). Then, "the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions." *Id.* "If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for race discrimination or retaliation." *Id.*

With respect to the first step in the burden-shifting analysis, Defendants argue that Plaintiff has not met the fourth requirement—that is, that her termination occurred in circumstances giving rise to an inference of race discrimination. Def. Mem. at 4, ECF No. 113.

Plaintiff argues that she was fired by Spencer-Edwards because she was friendly with white teachers and staff at the school, which Spencer-Edwards disapproved of. *See* Pl. Opp. at 14–16, ECF No. 118; *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) ("[W]here an employee is subjected to adverse action because an employer disapproves of interracial association, the employee suffers discrimination because of the employee's own race.").

The most direct evidence Plaintiff offers in support of her theory is her testimony that when she spoke with white staff, Spencer-Edwards "would give [her] a look" and "stare deeply" at her. Wellington Dep. 89:22–90:6, ECF No. 112-4. In addition, another teacher at P.S. 202 testified that Spencer-Edwards would send his assistant into Plaintiff's classroom to "find many things in the room and write [Plaintiff] up" and "target" her so as to create "[l]etters to the file." Salahuddin Dep. 146:6–147:6, ECF No. 120-8. However, this is insufficient to raise an inference of discrimination. *See Taylor v. Potter*, No. 99 Civ. 4941, 2004 WL 1811423, at *16 (S.D.N.Y. Aug. 16, 2004) ("[D]erogatory comments (or being 'very mean') made without distinction to employees' race are not actionable.")[3]; *see also Wang v. N.Y. City Dep't of Fin.*, No. 96 Civ. 5170, 1999 WL 529550, at *22 (E.D.N.Y. July 21, 1999) ("'[D]irty looks' do not give rise to an inference of discrimination."). Nor does testimony that Plaintiff's replacement was "doing whatever she could for [Spencer-Edwards]," Parker Dep. 61:23–62:6, ECF No. 120-6, raise an inference of racial discrimination in Spencer-Edwards's decision to fire Plaintiff.

---

[3] Although *Taylor* addressed a Title VII claim, not a § 1983 claim, "[t]he elements of one are generally the same as the elements of the other and the two must stand or fall together." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

Plaintiff also cites conclusory testimony from other teachers stating that Spencer-Edwards favored black teachers and disfavored white teachers, but the testimony is not specifically tied to Plaintiff. *See, e.g.*, Chabus Dep. 44:2–11, ECF No. 120-4 ("I feel like because I was white and because I don't—I wasn't part of the elite crowd that is the reason why I did not get one of my choices [of classes to teach]."). In addition, Plaintiff cites testimony from other teachers claiming that when Spencer-Edwards became principal, the school became more racially divided. Pl. Opp. at 14–15; *see, e.g.*, Chabus Dep. 51:5–12 ("A. And when Edwards took over I felt that there was a huge—all of a sudden down the line black teachers weren't talking to white teachers and people were losing positions they had for many years and other teachers weren't. And so there was a huge change in the system."); *id.* 54:13–19 ("Q. And you mentioned that a segregation formed after Edwards became principal? A. That's my feeling. Q. That's a racial segregation, just to clarify? A. Yes, racial segregation."). This does not raise an issue of fact as to whether Plaintiff's termination occurred in circumstances giving rise to an inference of race discrimination. *See Johnson v. N.Y. City Dep't of Educ.*, 39 F. Supp. 3d 314, 324–26 (E.D.N.Y. 2014) (rejecting plaintiff's "attempt to convert [a public school's] history of racial tensions into evidence of discriminatory animus on the part of" a school official who denied him tenure, and granting summary judgment for defendants because plaintiff "failed to produce evidence that would lead a reasonable fact-finder to conclude that his termination occurred because of his race or that his race was a consideration in the decision to deny him tenure"), *aff'd*, 633 F. App'x 42 (2d Cir. 2016); *see also Grant v. Cornell Univ.*, 87 F. Supp. 2d 153, 159–60 (N.D.N.Y. 2000) (granting summary judgment for defendants in part because three letters that plaintiff submitted "from other African Americans who also complain, anecdotally, of racial tensions within the [workplace]" are "of insufficient nature and extent to make out an issue of fact as to whether plaintiff was denied tenure under circumstances giving rise to an inference of discrimination").

Plaintiff also cites inadmissible hearsay. *See, e.g.*, Chabus Dep. 123:15–24 (nonparty teacher testifying that "Ms. Wellington had a very tough class and they definitely asked for help and never received it"); Parker Dep. 54:9–18 (nonparty teacher testifying that after class trips had been scheduled, "a teacher who [Spencer-Edwards was close with] told him that she didn't want the teachers [to go]. So the white teachers were told to stay behind."). Plaintiff also cites an anonymous complaint made to the DOE about Spencer-Edwards, Pl. Opp. at 6–7, but the complaint is also inadmissible hearsay.

Plaintiff does not, therefore, proffer evidence from which a reasonable jury could conclude that race discrimination played a role in Spencer-Edwards's decision to terminate her. *See Wilson v. N.Y. City Police Dep't*, No. 09 Civ. 2632, 2013 WL 878585, at *12 (S.D.N.Y. Feb. 6, 2013) ("[P]laintiff's belief that her transfer could have been attributed to the fact that she was the only minority supervisor assigned to that unit[] appears to be nothing more than the type of speculation that is unable to withstand a motion for summary judgment." (alteration and internal quotation marks omitted)), *report and recommendation adopted*, 2013 WL 929654 (S.D.N.Y. Mar. 11, 2013); *see also Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) ("Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." (internal quotation marks, citation, and ellipsis omitted)).

"[Plaintiff's] burden at the prima facie stage often is described as *de minimis*. It is not, however, nonexistent. If the plaintiff fails to establish any element of [her] prima facie case, summary judgment is appropriate." *Crews v. Trs. of Columbia Univ.*, 452 F. Supp. 2d 504, 522 (S.D.N.Y. 2006).

Accordingly, summary judgment for Defendants on Plaintiff's § 1983 race discrimination claim is GRANTED.

B. NYCHRL Claim for Discrimination on the Basis of Race and National Origin

Plaintiff also brings claims for race and national origin discrimination in violation of the NYCHRL.

Pursuant to the NYCHRL, "[i]t shall be an unlawful discriminatory practice[ f]or an employer . . . because of the actual or perceived . . . race [or] national origin . . . of any person . . . [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a)(3). "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (internal quotation marks and citations omitted). "Although it is unclear whether, and to what extent, the *McDonnell Douglas* burden-shifting analysis has been modified for NYCHRL claims, courts in the Second Circuit typically apply the liberal standards of the NYCHRL to the basic *McDonnell Douglas* framework." *Abdal-Rahim v. MTA N.Y. City Transit*, No. 17 Civ. 7499, 2018 WL 6176217, at *5 (S.D.N.Y. Nov. 27, 2018) (internal quotation marks, citations, and alterations omitted), *report and recommendation adopted*, 2019 WL 549048 (S.D.N.Y. Feb. 10, 2019).

Even under the NYCHRL's more liberal standards, Plaintiff has failed to raise a genuine issue of material fact as to whether race or national origin discrimination played a role in her termination. Accordingly, summary judgment for Defendants on Plaintiff's NYCHRL claims is GRANTED.

C. *Monell* Claim

Plaintiff also brings a claim for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Plaintiff has not raised a genuine dispute of fact on her

§ 1983 claim, the Court GRANTS summary judgment for Defendants on Plaintiff's *Monell* claim as well. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is GRANTED and the action is DISMISSED. The Clerk of Court is entered to terminate the motion at ECF No. 110, enter judgment in accordance with this Order, and close the case.

SO ORDERED.

Dated: July 1, 2019
 New York, New York

_____
ANALISA TORRES
United States District Judge